**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER MICHAEL CONNER,**

        **Plaintiff,**

    v.                                    **CASE NO. 20-3147-SAC**

**KEVIN FRIEND,**
**Sheriff of Linn County,**

        **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Christopher Michael Conner, a prisoner currently being held at the Anderson County Jail in Garnett, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's complaint (ECF No. 1) raises various claims about the conditions at Linn County Jail ("LCJ") in Mound City, Kansas. Mr. Conner claims the LCJ has no law library or legal research materials, has excessive amounts of black mold, and does not provide face masks to inmates to protect from COVID-19 and black mold. He also claims the LCJ is in violation of several health and safety codes. Plaintiff names as defendant Kevin Friend, the Sheriff of Linn County. Mr. Conner alleges violation of his rights under the Eighth and Fifth Amendments. He seeks compensatory damages of $5 million and punitive damages of $10 million.

1

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

#### A. Black Mold

Plaintiff alleges that there is black mold in the living area, shower area, and eating area of the Linn County Jail. According to the complaint, on April 23 and 24, 2020, Defendant had a pressure washer brought to the jail, and inmates sprayed and scrubbed the mold off the walls. Plaintiff states the inmates were not given any training, safety equipment, or special chemicals to abate the mold. The mold was picked up with shovels. The inmates then painted the walls after the mold was removed. Within days, mold began to come through the paint. Plaintiff claims he has severe asthma and has suffered "severe trouble breathing, chest 'lung' pains, shortness of breath, and cough" since the events described. ECF No. 1, at 6.

In the Tenth Circuit, a pretrial detainee's due process rights parallel that of an inmate's Eight Amendment rights. *Lopez v. LeMaster,* 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979)). A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be

"restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id.* "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.* It is not enough to establish that the official should have known of the risk of harm. *Id.*

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls ... the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations ...' may meet the standard despite a shorter duration." *Id.* (citations omitted).

It is unclear how long Plaintiff was exposed to the alleged conditions or if Plaintiff participated in the mold remediation efforts. Plaintiff also does not claim the mold has been determined to be toxic "black mold," as opposed to mold that is simply black in color. *See Silsby v. Sloan*, 2019 WL 2107321, *3 (N.D. Ohio May 14, 2019). A "bare allegation of [the presence of] mold ... does not create a reasonable inference regarding the sort of threat to [a plaintiff's] mental or physical well being which is necessary for violation of the Eighth Amendment." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 F. App'x 111 (10th Cir. Feb. 11, 2004)).

Plaintiff's allegations do not constitute the types of conditions that violate the Eighth Amendment; "extreme deprivations are required." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The conditions Plaintiff describes do not suggest the Linn County Jail contravenes society's "evolving standards of decency" so as to constitute a violation of the Eighth Amendment. *Rhodes*, 452 U.S. at 346. Consequently, Plaintiff's claim related to mold is subject to dismissal.

### B. Code Violations

Plaintiff alleges that the Linn County Jail is not in conformance with "several health and public safety codes." ECF No. 1, at 2. Specifically, he asserts there are no sprinklers, smoke detectors, or carbon monoxide detectors. Plaintiff does not state which of his constitutional rights he believes this violates, and the Court is not aware of how a fire code violation implicates the Constitution.

The Court recognizes that the Eighth Amendment protects inmates from conditions of confinement which deprive a prisoner of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Court further recognizes that if Plaintiff is a pretrial detainee, then the

protections of the Eighth Amendment are applied through the Fourteenth Amendment. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003). Courts have not considered compliance with fire or safety codes to be a constitutional requirement. *See Johnson v. Tex. Bd. of Crim. Justice*, 281 F. App'x 319, 322 (5th Cir. 2008)("the Eighth Amendment does not require that prisons meet fire and electrical codes"); *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985)(the Eighth Amendment does not constitutionalize the Indiana Fire Code nor require compliance with numerous OSHA regulations); *McMinn v. Dodson*, 2012 WL 4050308 *2 (D. Colo. 9/14/2012)(noncompliance with OSHA does not state an Eighth Amendment violation); *Gillespie v. Wall*, 2011 WL 3319990 *4 (D.R.I. 8/1/2011)(conclusory allegations of fire code violations fail to state a claim). While the Court in no way wishes to discourage compliance with fire and safety codes, Plaintiff has not alleged facts plausibly describing a denial of the "minimal civilized measure of life's necessities." Therefore, the Court finds that Plaintiff's allegations of code violations fail to state a claim under § 1983. *See Powell v. Laurie*, No. 20-3074-SAC, 2020 WL 3270553, at *2 (D. Kan. June 17, 2020).

### C. Access to the Courts

Plaintiff claims the Linn County Jail has no law library or materials to perform legal research. He asserts being denied legal research materials has cause him anxiety, emotional eating, weight gain, and loss of sleep. ECF No. 1, at 7.

In order to bring a civil rights claim under § 1983 for the denial of a right of access to the courts, Plaintiff must allege an actual injury or an imminent actual injury because of the loss or frustration of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)(a prisoner does not have "an abstract, freestanding right to a law library or legal assistance" and therefore "cannot establish relevant actual injury simply by establishing that his prison's law

library or legal assistance program is subpar in some theoretical sense"); *Brooks v. Colorado Dept. of Corrections*, 762 F. App'x 551, 558-59 (10th Cir.) *cert. denied*, 140 S. Ct. 207 (2019)(general allegations of interference with ability to bring legal claims do not suffice to show denial of access to the courts); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001)(plaintiff must do more than make a conclusory allegation that library and resources were inadequate). Here, Plaintiff does not allege facts plausibly describing a nonfrivolous legal claim which has been frustrated or impeded by a lack of access to courts or which may be lost by such a lack of access. *Simmons v. Kline*, No. 20-3096-SAC, 2020 WL 3057886, at *5 (D. Kan. June 9, 2020). This claim is also subject to dismissal.

### D. Face Mask

Plaintiff alleges he asked "jail and medical staff" multiple times for a face mask to protect himself from COVID-19 and black mold, and his requests were denied. ECF No. 1, at 4, 7. He claims this violated his Eighth Amendment rights.

However, Plaintiff does not identify any specific risk, other than claiming he has asthma. For example, he does not allege that any inmate or staff member at the Linn County Jail had COVID-19 or had symptoms of COVID-19 while he was there. The Linn County, Kansas official website states that there have been only 22 confirmed cases and no deaths in the county as of July 16, 2020. *See* www.linncountyks.com/departments/health-department/covid19. Also, as discussed above, his allegations about mold are conclusory and do not demonstrate a substantial risk of harm.

Plaintiff's general allegations about lack of masks at the Linn County Jail do not suggest that the conditions of his confinement were inhumane or that Defendant acted with deliberate indifference to a significant risk of harm to Plaintiff's health or safety.

### E.  Personal Participation

Plaintiff has failed to include facts showing how Sheriff Friend personally participated in the alleged deprivations of his constitutional rights.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability.  *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue,

including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Plaintiff's only specific allegation about Defendant Friend is that he "ordered the clean up [of the mold] be done," and he "had a pressure washer brought in" to be used for cleaning. These allegations do not demonstrate deliberate indifference on Friend's part.

### F. Damages

Plaintiff seeks "monetary" damages in the amount of $5 million and punitive damages of $10 million. Punitive damages are available in a § 1983 lawsuit, but they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts establishing that Defendant Friend acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

## IV. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 17, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 17th day of July, 2020, at Topeka, Kansas.

                                        **s/ Sam A. Crow**
                                        **SAM A. CROW**
                                        **U.S. Senior District Judge**