IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER MICHAEL CONNER,**

**Plaintiff,**

v.                                                            CASE NO. 20-3147-SAC

**KEVIN FRIEND,**
**Sheriff of Linn County,**

**Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 7) ("MOSC"). Before the Court is Plaintiff's response to the MOSC (Doc. 8).

The MOSC found that Plaintiff's allegations related to mold at the Linn County Jail ("LCJ") did not constitute the types of conditions that violate the Eighth Amendment; "extreme deprivations are required." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The MOSC further found that Plaintiff's allegations of building code violations at the LCJ failed to state a claim for violation of his constitutional rights under § 1983. *See Powell v. Laurie*, No. 20-3074-SAC, 2020 WL 3270553, at *2 (D. Kan. June 17, 2020). The MOSC determined that Plaintiff's allegations that the jail lacked a law library did not state a claim for violation of his right of access to the courts because he had not alleged facts plausibly describing a nonfrivolous legal claim which had been frustrated or impeded. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). In addition,

1

the MOSC found that Plaintiff's general allegations about lack of masks at the LCJ did not suggest that the conditions of his confinement were inhumane or that Defendant acted with deliberate indifference to a significant risk of harm to Plaintiff's health or safety. Finally, the MOSC found that Plaintiff had not alleged the personal participation of the only named defendant as is required to state a claim under § 1983 (*see Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)) and that Plaintiff had not stated a claim for punitive damages.

In his response to the MOSC, Plaintiff does not address the deficiencies in his Complaint. He asserts that he had chest pain and had to use his inhaler more frequently when he was held at the LCJ. He further alleges jail officials have tried to conceal the mold problems and argues conditions that cause someone to have problems breathing should not be overlooked.

The Court finds that Plaintiff has failed to state an actionable civil rights claim or to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED: This 25th day of January, 2022, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**